OPINION
Defendant-appellant Leonard Johnson appeals the September 24, 2001 Judgment Entry of the Richland County Court of Common Pleas which overruled his motion for relief from judgment. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1]
Appellant was sentenced on May 13, 1998, on one count of rape following a jury's verdict of guilty. This Court affirmed appellant's conviction by Judgment Entry filed November 19, 1998.
Appellant filed a petition for post-conviction relief which was overruled by the trial court on November 19, 1999. Appellant's motion to reconsider that decision was overruled by the trial court on December 20, 1999.
Appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B)(5) on June 11, 2001. Therein appellant identified his 1998 criminal conviction for rape. The trial court treated the motion as a petition for post-conviction under R.C. 2953.21, citing State v. Tyler[2] as authority.
The trial court denied appellant's motion for relief from judgment for two reasons: 1) appellant's petition/motion for relief was not timely filed; and 2) because appellant admitted having sexual intercourse with the victim, his request for DNA testing would not exonerate him given his theory of the case. Accordingly, the trial court overruled appellant's motion for relief from judgment via Judgment Entry filed September 24, 2001. It is from that judgment Entry appellant prosecutes his appeal, assigning as error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT USED ERRONEOUS LAW AND FACT TO DENY DEFENDANT/APPELLEE [SIC] A HEARING MANDATED PURSUANT CIVIL RULE 60(B)(5) DENYING "FAIR PROCEDURES" GUARANTEED UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, 16 OF THE OHIO CONSTITUTION.
Appellant raises three issues for review by this Court.
They are:
 1) Did the trial court abuse its discretion when it failed to grant appellant's motion to strike an untimely response by appellee?
 2) Does R.C. 2953.21 conflict with Civ. R. 60(B) with no force and effect to deny 60(B) relief connotating an abuse of discretion?
 3) Does the trial court abuse its discretion when it denied a hearing for 60(B) relief without first scheduling a hearing taking evidence to either discredit or verify the facts before ruling?
As to the second issue, we recognize State v. Tyler is not binding authority on this Court, but merely persuasive. Nevertheless, because the Civil Rules do not apply in criminal cases, we agree with the Tyler
court's decision a criminal defendant's Civ. R. 60(B) motion for relief from a criminal conviction should be treated as a petition for post-conviction relief pursuant to R.C. 2953.21. Having so found, we find the trial court did not abuse its discretion in finding appellant's motion was not timely filed under R.C. 2953.21.
Although such finding is sufficient, in and of itself, to affirm the trial court's judgment under the two issue rule, we elect to comment on the third issue raised by appellant.
Appellant requests an order that he be administered DNA testing pursuant to the new custom and policy of the State of Ohio, the results of which testing he alleges will demonstrate his innocence. Appellant is putting the cart before the horse. Appellant's mere self-serving allegation the results of DNA testing will prove his innocence is insufficient to warrant an evidentiary hearing.
Given our resolution of the second and third issues raised by appellant, we find any discussion of his first issue to be moot.
Appellant's assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.
Costs assessed to appellant.
Hon. William B. Hoffman, P.J., Hon. W. Scott Gwin, J., Hon. Julie A. Edwards, J., concur.
[1] A recitation of the facts is unnessary for our resolution of this appeal but may be found in our opinion in State v. Johnson (Nov. 19, 1998), Richland County Appeal No. 98-CA-42, unreported.
[2] State v. Tyler (June 9, 2000), Lucas App. No. L-99-1367, unreported.